UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. JESUS ANTONIO MOTA       Docket Number: 06-cr-00048-WYD-01

**Amended Petition for Issuance of Arrest Warrant Due to Violation of Supervised Release**

COMES NOW, Sherrie Blake, probation officer of the court, presenting an official report upon the conduct and attitude of Jesus Antonio Mota, who was placed on supervision by the Honorable Edward C. Prado sitting in the court at El Paso, Texas, Western District of Texas, on the 26th day of October 2001, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency, which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

**Jurisdiction was transferred the District of Colorado on February 17, 2006.**

The supervised release conditions were modified on August 24, 2007, to include the following condition:

2. The defendant shall be placed on home detention for a period of four (4) months, to commence within 21 days of the court's order. During this period, the defendant shall remain at his place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer. This period of home detention shall be enforced by electronic monitoring. To permit this monitoring, the defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones. The defendant shall wear electronic monitoring devices and follow all other procedures specified by the probation officer. The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference

PRAYING THAT THE COURT WILL ORDER the petition signed by the court on November 14, 2007, be amended regarding Count 4 in that the violation of law charge of Third Degree Assault (Domestic Violence) in violation of C.R.S. 18-3-204, is a Grade A violation rather than a Grade C violation.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 21st day of December 2007, and ordered filed under seal and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | /s/Sherrie Blake |
| | Sherrie Blake<br>U.S. Probation Officer |
| s/ Wiley Y. Daniel | |
| Wiley Y. Daniel<br>U.S. District Judge | Place: Denver, Colorado<br>Date: December 20, 2007 |

# ATTACHMENT

On October 4, 2005, and December 8, 2005, the conditions of supervised release were read and explained to the defendant. On those dates, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release commenced on October 5, 2005, in Denver, Colorado.

1. **VIOLATION OF THE LAW:**

On or about March 6, 2007, the defendant committed the offense of Harassment in violation of Colorado Revised Statutes (C.R.S.)18-9-111(1)(b). This is a Class 3 Misdemeanor, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On March 6, 2007, the defendant was arrested for Third Degree Assault (Domestic Violence - Class 1 Misdemeanor), Obstruction Telephone Service (Domestic Violence - Class 1 Misdemeanor), and Criminal Mischief (Domestic Violence - Class 2 Misdemeanor).

Police reports indicate that the victim, Kim O'Neil, told law enforcement the defendant slapped her and she slapped him. She suffered a cut lip and a swollen right eye. The defendant also broke her cell phone as she attempted to make a phone call. It is noted Kim O'Neil is under federal supervision with this officer, having been convicted of a federal offense. The defendant was instructed to cease any contact with Ms. O'Neil.

On August 8, 2007, the defendant pleaded guilty to Harassment (Class 3 Misdemeanor) in Routt County Court, Colorado, Docket No. 07M162. He was placed on 18 months probation with 365 days jail with 345 days suspended. He was ordered to pay court costs of $1,385 and participate in domestic violence counseling.

2. **ASSOCIATION WITH A PERSON CONVICTED OF A FELONY:**

On or about March 6, 2007, June 17, 2007, September 20, 2007, September 21, 2007, October 19, 2007 and October 30, 2007, the defendant associated with Kim O'Neil, a person who had been convicted of a felony, which constitutes a Grade C violation of supervised release.

Ths charge is based on the following facts:

On September 9, 2002, Ms. O'Neil was sentenced in United States District Court, District of New Mexico, Case No. 2:02CR00232-006, after she pled guilty to Possession With Intent to Distribute 100 Grams and More of Heroin, in violation of 21 U.S.C. § 841(b)(1)(8), a Class B Felony. Supervised release commenced on March 25, 2005, in the District of Colorado in Denver, Colorado. Supervision was transferred to me on April 25, 2005, due to Ms. O'Neil's move to Steamboat Springs. Colorado.

On March 8, 2007, the defendant told me he had been arrested for domestic violence and the victim was Kim O'Neil. He stated they had dated for two weeks and he was unaware she had a felony conviction. The defendant was informed Kim O'Neil had a felony conviction and is currently on supervision with me. The defendant was instructed, by me, on March 8, 2007, to cease contact with Kim O'Neil. The defendant was also reminded of Standard Condition #15 of his supervised release conditions as set forth in the judgement from the Western District of Texas stating "the defendant shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer".

The defendant continued to have contact with Ms. O'Neil on the following dates: June 17, 2007, September 20, 2007, September 21, 2007, October 19, 2007 and October 30, 2007.

3. **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER:**

On or about March 8, 2007, June 19, 2007, June 27, 2007, July 17, 2007, October 22, 2007 and October 23, 2007, the defendant was instructed by the probation officer to cease all contact with Kim O'Neil, a convicted felon, and he failed to follow this instruction, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On March 8, 2007, the defendant informed me he had been arrested for domestic violence and the victim was Kim O'Neil. The defendant was informed Ms. O'Neil had a felony conviction and is on supervision with me. He was instructed to cease all contact with her.

On June 19, 2007, the defendant informed me he had been arrested for violating a restraining order and the victim was Kim O'Neil. He was again instructed to cease all contact with Kim O'Neil. To emphasize the seriousness of this violation, he was instructed to appear for an appointment with me and Supervising Probation Officer Suzanne Wall-Juarez on June 27, 2007 at the Denver Probation Office, Denver, Colorado. The defendant, Ms. O'Neil, Supervising Probation Officer Wall-Juarez and I met at the Denver Probation Office, Denver, Colorado, and both defendants were specifically instructed by Ms. Wall-Juarez to cease all contact with one another.

On July 17, 2007, I met with the defendant in Steamboat Springs, Colorado. As a course of action for supervision, I reminded the defendant to have no contact with Kim O'Neil, as he had been previously instructed.

On September 20, 2007, the defendant contacted Kim O'Neil at her home and was arrested after he was alleged to have committed two counts of Child Abuse with Injury, Third Degree Assault (Domestic Violence) and two counts Child Abuse Without Injury. I spoke with the defendant on September 26, 2007, after he bonded from Routt County Jail, Steamboat Springs, Colorado, and reminded him to cease all contact with Kim O'Neil.

On October 22, 2007, the defendant told Supervising Probation Officer Christopher Perez he saw Kim O'Neil at Steamboat Mental Health (the substance abuse treatment program in which I had placed him) and attended an unscheduled counseling session with her. Supervising Probation Officer Perez reminded the defendant he had been previously instructed to have no contact with Kim O'Neil. Again, to emphasize to the defendant ongoing contact with Kim O'Neil is a violation of supervised release, he was instructed to appear for an appointment with Supervising Probation Officer Perez and me at the Grand Junction Probation Office, Grand Junction, Colorado. On October 23, 2007, the defendant met with Supervising Probation Officer Perez and me at the Grand Junction Probation Office, Grand Junction, Colorado. The defendant was instructed, again, to cease all contact with Kim O'Neil.

On October 31, 2007, Senior Probation Officer Sarah Hoppe told me Kim O'Neil contacted her on October 30, 2007, and reported a change of residence regarding her electronic home monitoring. Kim O'Neil advised Officer Hoppe that the defendant contacted and threatened her at her home. On November 2, 2007, the defendant admitted he contacted Kim O'Neil on October 29, 2007.

4. **VIOLATION OF THE LAW:**

On or about September 20, 2007, the defendant allegedly committed Third Degree Assault (Domestic Violence), in violation of C.R.S. 18-3-204. This is a Class 1 Misdemeanor and is considered a crime of violence, which constitutes a Grade A violation of supervised release.

On or about September 20, 2007, the defendant allegedly committed two counts of Child Abuse - Knowing/Reckless- Bodily Injury, and two counts Child Abuse Without Injury, in violation of C.R.S. 18-6-401(1)(a),(7)(a)(V) and 18-6-401. The first two counts are Class 1 Misdemeanors and the last two counts are Class 3 Misdemeanors, which constitute a Grade C violation of supervised release.

This charge is based on the following facts:

Police reports indicate Routt County Deputy Eldridge was dispatched to the Routt County Department of Social Services, Steamboat Springs, Colorado, on September 26, 2007, to take a report regarding a domestic violence incident. He met with the victim, Kim O'Neil, and caseworker Tina Harlow.

Ms. O'Neil told the officer the defendant came to her home the afternoon of September 20, 2007. They began to argue and he pushed her backwards. She believed she hit her head, which rendered her unconscious. Medical records stated she suffered a "corneal abrasion and subconjuctival hemorrhage". Kim O'Neil's children were in the residence and witnessed the assault.

On October 23, 2007, an advisement hearing was held in Routt County, Colorado Court, Docket No. 007M629. A disposition hearing is set for November 14, 2007.

5. **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER:**

On or about October 23, 2007, the defendant was instructed by the probation officer to report to the Denver Probation Office, Denver, Colorado, on October 26, 2007, by 9:00 a.m., and he failed to follow this instruction, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On October 23, 2007, the defendant met with Supervising Probation Officer Perez and me at the Grand Junction Probation Office, Grand Junction, Colorado. This appointment was in response to the defendant's criminal association with Kim O'Neil on October 19, 2007, at Steamboat Mental Health, Steamboat Springs, Colorado. The defendant was instructed to reside with his parents at 1010 Stampede, Lochbuie, Colorado, to provide distance between himself and Kim O'Neil. The defendant was further instructed to report to the Denver Probation Office, Denver, Colorado, on October 26, 2007, by 9:00 a.m. The defendant reported to the Denver Probation Office on October 26, 2007, after 1:00 p.m.

6. **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**:

On or about October 26, 2007, the defendant was instructed by Senior U. S. Probation Officer Hoppe to report by telephone to her on October 29, 2007. He failed to follow this instruction, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On October 26, 2007, the defendant was instructed by Senior U. S. Probation Officer Hoppe to report to her by telephone on October 29, 2007. He was to inform her if inpatient alcohol treatment would begin that day, with the understanding if inpatient alcohol treatment did not begin on October 29, 2007, electronic home monitoring would resume on November 2, 2007. The defendant did not call Senior U.S. Probation Officer Hoppe on October 29, 2007.